UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW PARKINSON,

    Petitioner,                                    Hon. Paul L. Maloney

v.                                                  Case No. 1:06-CV-342

JOHN PRELESNIK,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Parkinson's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Parkinson's petition be **denied**.

## BACKGROUND

As a result of actions he undertook on February 4, 2002, Petitioner pleaded guilty to (1) delivery of less than 50 grams of a mixture containing cocaine; and (2) delivery of methylenedioxymethamphetamine (a.k.a. ecstasy). (Dkt. #1, 10). On September 23, 2002, Petitioner was sentenced to lifetime probation on the cocaine conviction and 36 months probation on the ecstasy conviction. (Dkt. #1, 10).

On August 12, 2003, Petitioner was charged with violating the terms of his probation.

1

(Dkt. #1, 10). Petitioner pleaded guilty to violating the terms of his probation. (Plea Transcript, Dec. 19, 2003, 3-11). Petitioner was sentenced to continued probation "with some additional terms." (Sentence Transcript, Jan. 5, 2004, 3-10). Petitioner was soon thereafter charged with again violating the terms of his probation. (Plea Transcript, Feb. 23, 2004, 3-6). Petitioner pleaded guilty to this charge. (Tr. 6-12). Petitioner was sentenced to continued probation, with the "added condition that he participate in and complete the Genesee County Drug Court program." (Sentencing Transcript, Mar. 22, 2004, 8-9).

Approximately one month later, Petitioner was charged with again violating the terms of his probation. (Hearing Transcript, May 10, 2004, 3). Petitioner pleaded guilty to these charges. (Tr. 3-12). Because of Petitioner's inability to successfully comply with the terms of his probation, the court found it necessary to send Petitioner to prison for the drug crimes he committed in February 2002. Specifically, Petitioner received consecutive sentences of 2-20 years on the cocaine conviction and 2-7 years on the ecstasy conviction. (Sentence Transcript, Nov. 8, 2004, 7-9). Asserting the following claim, Petitioner moved in the Michigan Court of Appeals for leave to appeal:

> I. The trial court clearly erred in finding as a matter of law that there were substantial and compelling reasons to depart from the statutory sentencing guidelines and abused its sentencing discretion in imposing prison sentences where the guidelines called for an intermediate sanction and imposing consecutive two year minimum prison terms where the guidelines recommended 0 to 11 months.

The court denied Petitioner's request "for lack of merit in the grounds presented." *People v. Parkinson*, No. 261285, Order (Mich. Ct. App., July 15, 2005). Petitioner subsequently moved in the Michigan Supreme Court for leave to appeal, asserting the following claims:

2

> I. Whether the court clearly erred in finding as a matter of law, that there were substantial and compelling reasons to depart from the statutory sentencing guidelines, and abused its sentencing discretion in imposing prison sentences, where the guidelines called for an intermediate sanction, and imposing consecutive two-year minimum prison terms where the guidelines recommended 0 to 11 months.
>
> II. Whether the Michigan Court of Appeals, and the trial court's ruling was in direct contradiction to the recent Supreme Court ruling in *Blakely v. Washington* and *Apprendi v. New Jersey*.

The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Parkinson*, No. 129446, Order (Mich., Nov. 29, 2005). On May 18, 2006, Parkinson submitted the present petition for writ of habeas corpus in which he asserts the following claims:

> I. Petitioner's constitutional Sixth Amendment rights to due process were violated when the trial court clearly erred in finding as a matter of law that there were substantial and compelling reasons to depart from the statutory sentencing guidelines and abused its sentencing discretion in imposing prison sentences where the guidelines called for an intermediate sanction and imposing consecutive two year minimum prison terms where the guidelines recommended 0 to 11 months.
>
> II. Petitioner's constitutional Sixth Amendment rights to due process were violated where the trial court, having no compelling reasons, departed from the prescribed statutory sentencing guidelines, when the alleged facts surrounding Petitioner's exceptional sentence were neither admitted by Petitioner, nor found by a jury, as prescribed by the United States Supreme Court in *Blakely v. Washington*, thus rendering such adjudication to be contrary to "clearly established" Supreme Court precedent.

**STANDARD OF REVIEW**

Parkinson's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause

of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

5

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

## ANALYSIS

Petitioner challenges the length of the sentence he received, as well as the process by which his sentence was imposed. Petitioner's challenge is based on alleged violations of both state and federal law.

A.   State Law Claims

Petitioner asserts that he received a sentence in excess of the relevant guideline range, in violation of state law. Petitioner also asserts that his sentence is disproportionate to his crimes. To the extent that Petitioner alleges that he is being confined in violation of state law, his claim is not cognizable. *See* 28 U.S.C. § 2254(a) (the federal courts can only consider habeas claims alleging "violation of the Constitution, laws, or treaties of the United States").

Petitioner's claim that his sentence is disproportionate to his crime, likewise fails. As the Sixth Circuit has observed, because the United States Constitution "contains no strict proportionality guarantee," a claim that the sentencing court violated Michigan's principles of proportionality is not cognizable on federal habeas review. *Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)); *Butz*, 2009

WL 33462 at *4 (citing *Lunsford*, 1995 WL 236677 at *2).

Moreover, the Eighth Amendment to the United States Constitution "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001). Instead, the Eighth Amendment simply forbids extreme sentences that are "grossly disproportionate" to the crime committed. *Layne*, 324 F.3d at 473. In this case, Petitioner's sentence is in absolutely no way "grossly disproportionate" to the crime committed. The state courts did not address Petitioner's proportionality claim, in which case the Court exercises *de novo* review of such. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts). Even evaluated pursuant to this more generous standard, this claim is without merit.

    B. *Blakely* Claim

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Petitioner asserts that his sentence violates this rule because the sentencing court, in fashioning his sentence, relied upon facts which were neither admitted nor proven beyond a reasonable doubt. As Respondent notes, however, Petitioner has failed to properly exhaust this particular claim.

Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that. . .the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The purpose of the exhaustion requirement is to give the state courts the first opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the requisite opportunity, the petitioner must "fairly present" the substance of his claim "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

The fair presentation requirement is not satisfied where the petitioner simply makes in the State court "a general appeal to a constitutional guarantee as broad as due process" or only identifies "the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). The petitioner "must present his claim to the state courts as a federal constitutional issue - not merely as an issue arising under state law." *Collins v. Wells*, 1994 WL 64702 at *3 (6th Cir., Mar. 1, 1994) (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). However, the petitioner is not required to "recite a specific sequence of words to fulfill the exhaustion requirement, nor is there some sort of threshold requirement whereby Petitioner must dedicate a certain number of words to analysis of federal law," as simply "[l]abeling a claim as a federal claim is sufficient." *Daniels v. Lafler*, 192 Fed. Appx. 408, 418 (6th Cir., Aug. 4, 2006) (citing *Baldwin*, 541 U.S. at 32).

While exhaustion requires that the petitioner present his claims to the state's highest court, presenting his claims to *only* the state's highest court may not suffice. The Michigan Supreme

Court conducts discretionary review of appeals by application for leave to appeal. In *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court held that presentation of an issue for the first time on discretionary review to the state's highest court does not satisfy the "fair presentation" requirement where the court declines to exercise its discretion to review the matter. *Id.* at 351. Applying *Castille*, the Sixth Circuit has likewise determined that the exhaustion requirement is not satisfied where a petitioner first presents a claim on discretionary appeal to the state's highest court, unless that court opts to review the merits of the claim. *See*, *e.g.*, *Clinkscale v. Carter*, 375 F.3d 430, 440 (6th Cir. 2004); *Granger v. Hurt*, 215 Fed. Appx. 485, 491 (6th Cir., Feb. 8, 2007); *Hall v. Huffman*, 2000 WL 1562821 at *3 (6th Cir., Oct. 11, 2000).

Petitioner did not present his *Blakely* claim (or any claim based upon an alleged violation of federal law) to the Michigan Court of Appeals, but instead asserted such for the first time to the Michigan Supreme Court which denied Petitioner's application for leave to appeal. Petitioner has, therefore, failed to properly exhaust this particular claim. Petitioner's failure to exhaust this claim notwithstanding, it may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). As discussed below, this particular claim is without merit.

In *Blakely*, the defendant pleaded guilty to second degree kidnaping involving domestic violence and use of a firearm. *Blakely*, 542 U.S. at 298-99. In so doing, Blakely admitted "the elements of second-degree kidnaping and the domestic-violence and firearm allegations, but no other relevant facts." *Id.* at 299. Washington law provided that the "standard range" to which a defendant, convicted of this particular offense, could be sentenced was 49-53 months. However, the sentencing court was permitted to impose a sentence in excess of the "standard range" if it found "substantial and compelling reasons justifying an exceptional sentence." Before imposing an

"exceptional sentence," the sentencing court was required to "set forth findings of fact and conclusions of law supporting it." *Id.*

The State recommended that Blakely receive a "standard range" sentence of 49-53 months. *Id.* at 300. The sentencing court rejected this recommendation, however, and, finding that Blakely acted with "deliberate cruelty," imposed an "exceptional" sentence of 90 months. *Id.* at 300-01. As the *Blakely* Court recognized, under Washington law, the court "could not have imposed the exceptional 90-month sentence solely on the basis of the facts admitted in the guilty plea," but instead could do so only based on the court's additional determination that Blakely acted with "deliberate cruelty." *Id.* at 304. The Court held, therefore, that this sentence violated Blakely's Sixth Amendment right to trial by jury because it was predicated on facts that were neither admitted by Blakely nor found by a jury. *Id.* at 301-05.

The *Blakely* Court, however, made clear that its holding applied only to "determinate-sentencing schemes" such as that employed by the State of Washington. *Id.* at 308-09. The Court recognized that *indeterminate* sentencing schemes do not run afoul of the Constitution because while such schemes may sanction "judicial discretion" in sentencing, they do not accomplish such "at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty." *Id.* at 308-09. As the Court recognized:

> Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence - and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for

> use of a gun, the burglar who enters a home unarmed is *entitled* to no more than a 10-year sentence - and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 309.

As is well recognized, the State of Michigan employs an indeterminate sentencing scheme. *See, e.g., Butz v. Berghuis*, 2009 WL 33462 at *3 (W.D. Mich., Jan. 5, 2009) (Maloney, C.J.); *Jenkins v. Harry*, 2009 WL 103991 at *2 (W.D. Mich., Jan. 14, 2009). Petitioner was convicted of (1) delivery of less than 50 grams of a mixture containing cocaine; and (2) delivery of methylenedioxymethamphetamine (a.k.a. ecstasy).

Pursuant to Michigan law, the conviction for delivery of cocaine subjected Petitioner to a sentence of "not less than 1 year nor more than 20 years." Mich. Comp. Laws § 333.7401(2)(a)(iv) (2002). The conviction for delivery of ecstasy subjected Petitioner to a sentence of "not more than 7 years." Mich. Comp. Laws §§ 333.7401(2)(b)(ii), 333.7212(c) (2002). Michigan law further provided that these two sentences were to be served consecutively. Mich. Comp. Laws § 333.7401(3) (2002).

Petitioner received consecutive sentences of 2-20 years on the cocaine conviction and 2-7 years on the ecstasy conviction. This sentence is entirely consistent with Michigan law, as noted immediately above. Thus, when Petitioner committed his crimes he knew that he could possibly receive sentences of this magnitude. Because Petitioner received a sentence within the range permitted by Michigan law as a result of his convictions, based upon his guilty plea, any additional fact-finding in which the trial court may have engaged did not violate Petitioner's rights under *Blakely* or the Sixth Amendment. While this particular claim was not addressed by the state courts,

even reviewed under the more generous *de novo* standard, this claim is clearly without merit.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Parkinson's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 6, 2009

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge